IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NIEVES SONNY ORTEGA,

      Petitioner,

vs.                                                             CIV 20-506 JCH/SCY

DWAYNE SANTISTEVAN, Warden, et al.,

      Respondent.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Petitioner Nieves Sonny Ortega's "Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." Doc. 1. Pursuant to 28 U.S.C. § 636(b)(1)(B), (b)(3) and *Virginia Beach Federal Savings & Loan Association v. Wood*, 901 F.2d 849 (10th Cir. 1990), the Court referred this matter to Magistrate Judge Steven C. Yarbrough to conduct hearings, if warranted, and to perform any legal analysis required to recommend an ultimate disposition of the case. Doc. 10. On December 22, 2021, Judge Yarbrough entered his Proposed Findings and Recommended Disposition ("PFRD") in which he recommends denying Mr. Ortega's § 2254 Petition on the merits as to all grounds for relief. Doc. 25.

Judge Yarbrough notified the parties that they had 14 days from the service of the PFRD to file any objections. Doc. 25 at 32. The Court received and filed Mr. Ortega's objections to the PFRD on January 18, 2022, after the 14-day deadline. *See* Doc. 27. However, Mr. Ortega also attached a letter explaining that, due to the holidays, he did not receive the PFRD until December 30, 2021 and he mailed his objections on January 11, 2022. Doc. 26. To the extent his letter is a

request for an extension, the Court grants that request and will review his objections as timely filed.[1] Accordingly, the Court shall make a de novo determination of those portions of the PFRD which Mr. Ortega objected to. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

First, in his objections, Mr. Ortega "reiterates the facts as he knows them to be." Doc. 27 at 1. Indeed, throughout his objections, he includes his version of the facts on the night of his crime. To the extent he is asserting that the PFRD's recitation of the factual background is inaccurate, the Court overrules this objection. The PFRD's recitation of background facts comes directly from the New Mexico Supreme Court's decision on direct appeal. *See* Doc. 25 at 2. In this habeas case, the Court will not adopt Mr. Ortega's one-sided recitation of facts, without reference to the findings by the state trial and appeals courts.

Next, Mr. Ortega asserts in his objections that in the PFRD, Judge Yarbrough "trusts Adam Laureles' testimony and considers Adam's statement as fact, when it is not." Doc. 27 at 1. Mr. Ortega references page 12 and 15 of the PFRD and the testimony regarding his gun. As background, in his § 2254 petition, Mr. Ortega asserts that his counsel was ineffective for failing to investigate and introduce exculpatory ballistics evidence. The PFRD recites the trial testimony regarding a gun Mr. Ortega had and fired, and reaches the conclusion that Mr. Ortega has failed to establish a claim for ineffective assistance of counsel. In his objections, Mr. Ortega takes issue with the weight the PFRD gives to statements made by Adam Laureles, a trial witness. However, the PFRD merely recites the testimony given at trial and draws reasonable inferences from the trial evidence. Dos. 25 at 13-14. Mr. Ortega claims that the PFRD ignores statements by other witnesses (Stephanie Sifers and April Windy), without explaining what statements he is referring

---

[1] The State filed a response to his objections, asserting that it does not object to the request for an extension of time. Doc. 28.

to. Mr. Ortega also does not object to the conclusion that his trial counsel was effective in his handling of the ballistic evidence and the Court agrees with the PFRD's conclusion on this issue.

Instead, Mr. Ortega argues for the first time in his objections that Adam Laureles was not a reliable witness and his trial attorney should have brought this up at trial, presumably by impeaching Mr. Laureles. The Court finds this issue waived because Mr. Ortega brings it up for the first time in his objections. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

Turning to his next objection, Mr. Ortega disagrees with the PFRD's conclusion that he failed to exhaust his various claims related to the jury. Doc. 27 at 3. He cites his Statement of Issues on appeal, which includes a discussion of the jury issues. The PFRD likewise acknowledged that the jury issues appeared in the Statement of Issues, but that Mr. Ortega did not repeat them in his Brief-in-Chief. Doc. 25 at 25-26. As such, relying on New Mexico case law, the PFRD concludes that the issues were unexhausted. *Id.* (citing *Maes v. Thomas*, 46 F.3d 979, 986 (10th Cir. 1995) ("A review of New Mexico law reveals that the New Mexico courts have consistently applied the rule that deems all issues abandoned that are not raised in an appellant's brief-in-chief."); *State v. Warner*, 2015 WL 1681507, ¶ 4 (N.M. Ct. App. 2015 (unpublished)) (issues raised in docketing statement are "abandoned if they are not raised again in the briefs on appeal and supported with citations to appropriate authority"). Mr. Ortega fails to address this New Mexico law and the Court finds no error in the PFRD's conclusion. Mr. Ortega also asserts that he raised the jury issues in his state habeas appeal. The Court, however, has

reviewed his state habeas petitions and finds no such issues raised. *See* Doc. 9-1 at 1-21 (Ex. LL); Doc. 9-1 at 53-65 (Ex. QQ). Lastly, even if the PFRD is incorrect and Mr. Ortega did exhaust his claims related to the jury, the Court finds no error because the PFRD goes on to address those claims on the merits and the Court agrees with the merits analysis.

     Next, in his § 2254 petition, Mr. Ortega alleges that his counsel was ineffective for failing to interview the State's firearm expert witness, Mr. Streine. In the PFRD, Judge Yarbrough provides background information, citing the state court record that "at trial, during a conference in chambers, the State pointed out that defense counsel had an opportunity to interview Mr. Streine and he failed to do so. Defense counsel did not dispute this assertion." Doc. 25 at 11. In his objections, Mr. Ortega points to this failure by his counsel and asserts that clearly his counsel was ineffective for failing to interview the expert. Doc. 27 at 3. However, in the PFRD, Judge Yarbrough reviewed the New Mexico Supreme Court's rejection of this same issue, finding that the court applied both *Strickland* prongs and that Mr. Ortega failed to present any argument to establish that the New Mexico Supreme Court's decision was contrary to or an unreasonable application of federal law. Doc. 25 at 11-12. The Court agrees with that analysis. Mr. Ortega does not state in his § 2254 petition or his objections how the New Mexico Supreme Court's rejection of this issue was contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d) (a § 2254 petition can only be granted if the state court's decision was contrary to, or unreasonably applied, "clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"). Indeed, even if he counsel was ineffective for failing to interview the State's expert witness, Mr. Ortega fails to show any prejudice as required for an ineffective assistance of counsel claim. *See Strickland v.*

*Washington*, 466 U.S. 668, 685-86 (1984) (in order to establish an ineffective assistance claim, a movant must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense").

Similarly, in his objections Mr. Ortega argues that his counsel was ineffective for failing to interview any witnesses in pre-trial interviews and failing to call Samantha Sifers and Mark Ruiz as witnesses. Doc. 27 at 3. But again, he does not explain how any such failure prejudiced him and as such, the Court overrules this objection.

In his § 2254 petition, Mr. Ortega asserts that his trial counsel was ineffective for failing to create an adequate record in support of a request for use immunity for Mark Ruiz, his co-defendant. In his objections, Mr. Ortega explains (from his perspective) what testimony Mr. Ruiz would have given and how that would have helped his case. Doc. 27 at 4. Even so, Judge Yarbrough recommends denying relief on this claim because the state court followed the *Strickland* test in rejecting the same claim and Mr. Ortega fails to show any prejudice. The Court agrees with that analysis and overrules Mr. Ortega's objections because he fails to establish in his § 2254 petition or objections how the state court's ruling was contrary to or an unreasonable application of the *Strickland* test.

In the PFRD, Judge Yarbrough recommends rejecting Mr. Ortega's claim that a trial witness, Dr. Zumwalt, testified outside his area of expertise, because Mr. Ortega fails to provide any further information, such as what testimony he believes was improperly admitted. Doc. 25 at 23. In his objections, Mr. Ortega argues that "if this is true, would it prove Mr. Ortega's attorney was ineffective [because] if he was effective he would have been professional enough to provide further information such as what testimony Mr. Ortega believes was improperly admitted." Doc. 27 at 4. In other words, Mr. Ortega attempts to convert his claim about trial testimony to a claim

for ineffective assistance of counsel. Because he makes such an argument for the first time in objections, he waives this issue. Additionally, the Court agrees with the PFRD's conclusion regarding Dr. Zumwalt's trial testimony.

Mr. Ortega also objects to the PFRD's treatment of his claim for error in jury instructions. As background, Mr. Ortega alleges in his § 2254 petition that during voir dire, one juror indicated that she and her family had previously experienced problems with him. Because this issue was unexhausted, it was not clear to Judge Yarbrough if the juror in question was an actual jury member, or just a potential juror questioned during voir dire. As such, he ordered supplemental briefing. Doc. 11. The State filed a supplemental brief, attaching an audio CD of voir dire. Docs. 12, 13. After ensuring that Mr. Ortega received a copy of the audio CD in a form he could listen to (Docs. 14, 16, 19, 20), Mr. Ortega filed a response to the State's supplemental brief. Doc. 24. Judge Yarbrough reviewed the supplemental briefs and audio recording and concluded that the person at issue was a voir dire panelist and that Mr. Ortega had failed to show any bias with seated jurors such that the trial was fundamentally unfair. Doc. 25 at 27. In his objections, Mr. Ortega asserts that Judge Yarbrough ignored his supplemental brief. Doc. 27 at 4. However, Judge Yarbrough cited his supplemental brief in the PFRD and explained why he rejected Mr. Ortega's claim. Mr. Ortega does not state what, if any, disagreement he has with Judge Yarbrough's conclusion and the Court agrees with Judge Yarbrough's analysis of this issue.

Mr. Ortega next asserts that "[t]he only way Judge Yarbrough or state courts could determine an attorney's performance is to grant Petitioner an Evidentiary Hearing." Doc. 27 at 3. In his PFRD, Judge Yarbrough recommends that an evidentiary hearing is not needed on Mr. Ortega's § 2254 petition. This Court agrees and therefore overrules Mr. Ortega's objections.

"[A]n evidentiary hearing is unnecessary if the claim can be resolved on the record." *Anderson v. Attorney General of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005). Having reviewed the § 2254 petition, the state-court record, the PFRD, and Mr. Ortega's objections, the Court agrees that his petition and objections can be resolved on the record.

Lastly, Mr. Ortega presents two more issues that he raised for the first time in objections. (1) On page 3 of the PFRD, Judge Yarbrough recites the procedural background, stating that "[t]he state court sentenced [Mr. Ortega] to: life incarceration, followed by 2 years' parole for count 1." Doc. 25 at 3. Mr. Ortega argues that "a life sentence carries a mandatory 5-years parole and not a 2-year parole which makes the first degree murder sentence illegal." Doc. 27 at 2. (2) Mr. Ortega asserts that his trial counsel was ineffective for taking a direct appeal to the New Mexico Court of Appeals instead of to the Supreme Court as required for cases with a life sentence. Doc. 27 at 2, 3. Because he asserts these issues for the first time in his objections, the Court deems them waived. *See Marshall*, 75 F.3d at 142; *Garfinkle*, 261 F.3d at 1031.

For these reasons, the Court concludes as follows:

1. Nieves Sonny Ortega's Objections to the Proposed Findings and Recommended Disposition (Doc. 27) are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 25) is ADOPTED;

3. Petitioner Nieves Sonny Ortega's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1) is DENIED on the merits as to all ground for relief and this case is DISMISSED with prejudice;

4. A certificate of appealability is DENIED;

5. A final order is entered concurrently herewith.

SENIOR UNITED STATES DISTRICT JUDGE